UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD DEHAR,

      Plaintiff,                         Case No. 2:15-cv-14459

v.                               HONORABLE STEPHEN J. MURPHY, III

SERGEANT HORTON, et al.,

      Defendant.

_____/

## <u>ORDER TRANSFERRING CASE TO DISTRICT OF ARIZONA</u>

Before the Court is Plaintiff Donald Dehar's pro se civil rights complaint brought pursuant to 42 U.S.C. § 1983.  Dehar is an Arizona state prisoner currently confined at the Arizona State Prison Complex Lewis-Rast in Buckeye, Arizona.  In his complaint, Dehar asserts claims against several prison employees concerning alleged prison assaults, lost mail, and loss of familial contact.  He seeks emergency help and protection.

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (internal quotation marks omitted). A defendant must have minimum contacts within the forum State before personal jurisdiction will be found to be reasonable and fair. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–19 (1945); *Theunissen v. Matthews*, 935 F.2d 1454, 1459–60 (6th Cir. 1991). A plaintiff in a federal civil action must demonstrate that the court in which his or her suit is brought has personal jurisdiction over the defendants. *See, e.g.*, *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261–62 (6th Cir. 1996).

In this case, Dehar fails to plead any facts to show that the defendants have any minimum contacts with the State of Michigan or otherwise establish the Court's personal

jurisdiction over the named defendants, who appear to reside in Arizona and whose challenged actions occurred within the State of Arizona. The Court thus concludes that it lacks personal jurisdiction over the named defendants. *See* Mich. Comp. Laws § 600.701 *et seq.*; § 600.705 (Michigan's long-arm jurisdiction statute).

Moreover, even if the Court had personal jurisdiction over the defendants, the Court is not the proper venue for this action. Venue for a civil action brought in federal court is governed by 28 U.S.C. § 1391. Section 1391(b) provides:

Venue in general. A civil action may be brought in –

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Public officials "reside" in the county where they perform their official duties. *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). When venue is improper, a court may either dismiss the case or, in the interests of justice, transfer the case to a district or division where it could have been brought. *See* 28 U.S.C. § 1406(a). Additionally, even when venue is proper, a court may transfer the case to any other district where it might have been brought for the convenience of the parties and witnesses and in the interest of justice. *See* 28 U.S.C. § 1404(a). A court may sua sponte transfer a case for improper venue. *Carver v. Knox County*, 887 F.2d 1287, 1291 (6th Cir. 1989).

Having reviewed the complaint, the Court finds that the United States District Court for the District of Arizona is the proper forum for this action. The defendants (and Plaintiff

Dehar) reside in Buckeye, Arizona, which lies in Maricopa County, for purposes of the present complaint and the actions giving rise to the complaint occurred there. Maricopa County, Arizona lies in the Phoenix Division of the District of Arizona. *See* 28 U.S.C. § 82; D. Ariz. L.R. Civ. P. 77.1(a). The Court makes no determination as to the merits of the complaint as such matters are more properly left for consideration by the transferee court.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Clerk of the Court transfer this case to the United States District Court for the District of Arizona, Phoenix Division.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 28, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 28, 2016, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager

3